## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

MALACHI JENKINS,             :

           :

        Petitioner,        :

           :

        VS.          :

           :      NO. 5:12-CV-439 (MTT)

Warden GLEN JOHNSON,    :

           :

        Respondent.    :      **O R D E R**

Petitioner **MALACHI JENKINS** (GDC # 725779), a prisoner at Hancock State Prison, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc 1). Petitioner has not paid the $5.00 filing fee.  For judicial economy, the Court assumes that Petitioner wishes to proceed *in forma pauperis* and hereby grants him IFP status.

Petitioner apparently complains, without providing any dates or other specific facts, that the Georgia State Board of Pardons and Paroles ("the Board") has violated his constitutional rights by failing to consider him for parole.[1]  He does not appear to challenge any specific parole determination by the Board.  As relief, Petitioner seeks "a fair and non-prejudicial review of his parole status" and "a parole date."

Consistent with Petitioner's requested relief, his challenge to the Board's procedures, even if successful, would not necessarily entitle him to an earlier release date.  ***Wilkinson v. Dotson***, 544 U.S. 74 (2005).  His challenge must therefore be

---

[1] The Georgia Department of Corrections' website indicates that Petitioner was convicted of voluntary manslaughter in 1991 and another offense while incarcerated in 2004.  His maximum possible release date is October 2017.

brought in a civil rights action under 42 U.S.C. § 1983, not in a habeas corpus petition. ***Thomas v. McDonough***, 228 F. App'x 931, 931(11th Cir. 2007).

If Petitioner wishes to pursue a section 1983 lawsuit, he must complete and submit this Court's standard section 1983 form and include all relevant dates and other facts.  The Clerk's Office is hereby **DIRECTED** to send Petitioner a copy of said form. Petitioner is advised that he does not have a constitutional right to be paroled. ***Greenholtz v. Inmates of Nebraska Penal & Correctional Complex***, 442 U.S. 1, 7 (1979); ***Sultenfuss v. Snow***, 35 F.3d 1494 (11th Cir. 1994).  The Board has broad discretion to require an inmate to serve his entire sentence in prison.  ***See generally Jones v. Georgia St. Bd. of Pardons & Paroles***, 59 F.3d 1145, 1150 (11th Cir. 1995). Parole in Georgia is thus "a matter of grace, not of right."  ***Brown v. Kearney***, 355 F.2d 199, 200 (5th Cir. 1966).

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[2]

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or

---

[2] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition.  ***See McFarland v. Scott***, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.

deny a certificate of appealability when it enters a final order adverse to the applicant."

A certificate of appealability may issue only if the applicant makes " a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

requires a petitioner to demonstrate that "reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *See Slack v.*

*McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists

could not find that a dismissal of the instant action was debatable or wrong.

Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of

appealability. Because Petitioner is not entitled to a certificate of appealability, he is

not entitled to appeal *in forma pauperis*.

      **SO ORDERED**, this 13th day of November, 2012.


              S/ Marc T. Treadwell
              MARC T. TREADWELL, JUDGE
              UNITED STATES DISTRICT COURT


cr